New York Eye & Ear Infirmary v Browne (2021 NY Slip Op 06812)





New York Eye & Ear Infirmary v Browne


2021 NY Slip Op 06812


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 651583/16 Appeal No. 14770 Case No. 2020-02822, 2020-04876 

[*1]The New York Eye and Ear Infirmary Doing Business as The New York Eye and Ear Infirmary of Mount Sinai, Plaintiff-Respondent-Appellant,
v
Helen Yoo Bowne, M.D., Also Known as Helen Yoo Brown, M.D., Defendant-Appellant-Respondent.


Gugliotta & Ponzini, P.C., New Rochelle (John C. Gugliotta of counsel), for appellant-respondent.
Garfunkel Wild, P.C., Great Neck (Colleen M. Tarpey of counsel), for respondent-appellant.



Orders, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about May 19, 2020, which denied both parties' motions for summary judgment, unanimously affirmed, without costs.
Defendant, a physician, transitioned from working full-time for plaintiff to working part time; accordingly, the parties entered into a part-time employment agreement providing that defendant would receive a percentage of net private practice revenues as compensation but would no longer receive a base salary and benefits. After she began working part-time, however, defendant continued to receive the base salary and benefits she had previously received under her full-time contract. She contends that although she twice met with plaintiff's administrator to inform him that she was still receiving a base salary and benefits, he assured her she was being compensated correctly. Defendant also contends that in December 2011, three months after transitioning to part-time, she again sent an email to the administrator telling him to stop the base payments and benefits, but he did not take action or raise the issue with anyone else at plaintiff hospital. Approximately four years later, when negotiating her return to full time status, plaintiff discovered defendant had been overpaid by approximately $270,000.
Defendant failed to establish that she was entitled to dismissal of the complaint on the grounds that the claims are barred by the common-law voluntary payment doctrine, which "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, Inc., 100 NY2d 525, 526 [2003]). The record contains triable issues of fact regarding whether plaintiff gained full knowledge of the facts when defendant sent plaintiff's administrator the December 2011 email referring to the purportedly improper payments. In addition, the record presents issues of fact as to whether plaintiff made the payments while operating under a mistake of fact — for example, whether its administrator made a clerical mistake in failing to file the proper form with human resources and whether he mistakenly believed defendant was entitled to base pay and benefits even though she had transitioned to part-time employment (see Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C., 15 AD3d 233 [1st Dept 2005]). There are also factual questions as to whether there was a marked lack of diligence on plaintiff's part in failing to investigate defendant's concerns about her paychecks, and whether defendant has clean hands in raising the voluntary payment defense.
Defendant's argument that plaintiff waived the salary terms through its conduct is also unavailing. Her part-time employment contract explicitly stated "[t]his Agreement may not be terminated, modified or amended orally or by any course of conduct or usage of trade but only by an agreement in writing duly executed by [*2]the parties hereto."
Plaintiff failed to establish its entitlement to summary judgment, as it failed to establish that defendant breached her part-time employment contract. Furthermore, although plaintiff argues on appeal that defendant breached both her alleged fiduciary duty of loyalty and the covenant of good faith and fair dealing implicit in every contract, the complaint does not set forth allegations regarding either theory of recovery.
In light of the factual disputes regarding, among other things, application of the voluntary payment doctrine, neither party is entitled to summary judgment on the alternative claims of unjust enrichment and conversion.
We have considered the parties' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021